UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re | |
|---|---|
| STEPHEN H. CHEW, | Chapter 7<br>Case No. 05-21076-RS |
| Debtor | |

## MEMORANDUM OF DECISION REGARDING
## DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

On June 12, 2006, after an evidentiary hearing, the Court made Findings of Fact and Rulings of Law ("Findings and Rulings") on which it based its determination that the within Debtor, Stephen H. Chew, is entitled to actual and punitive damages from Marcia McGarry, Carol Colburn, Edward Chew, and Cynthia Wyrocki ("Creditors") for injury, including emotional distress, resulting from a willful violation of the automatic stay pursuant to § 362(h) of the Bankruptcy Code.[1] To assist the Court in fixing the amount of damages to be recovered by the Debtor, the Court also ordered (a) that the Debtor submit a statement of actual damages, including attorneys' fees, and any proposed punitive damages award by June 26, 2006 and (b) that the Creditors file their response thereto by July 5, 2006.

On June 26, 2006, the Debtor filed his statement, setting forth $8,398.50 in actual damages for costs and attorneys' fees (consisting of $224 in bank overdraft charges, $207 for a deposition transcript, and $7,967.50 in attorneys fees) and leaving to the Court's discretion the quantification of both actual damages for emotional distress and punitive damages ("Statement"). On June 29, 2006, the Creditors filed a memorandum of law opposing the damages amount set forth in the Statement ("Opposition"). Neither the Debtor nor the Creditors requested a further

---

[1] The stay violation comprised the Creditors' attachment of a joint account in the name of the Debtor and his non-debtor spouse. The account had a credit balance in the amount of $5,997.19.

evidentiary hearing regarding the fixing of damages, and the Court has determined that the fixing of damages can be decided on the evidence adduced at the evidentiary hearing and without further hearing.[2] In deciding this matter, the Court has considered, in addition to such evidence, the Findings and Rulings (which the Court incorporates herein by reference), the Statement, the Opposition, the record of the proceedings and case to date, and applicable law.

### Discussion

The Creditors advance three arguments in the Opposition, in part revisiting factual matters previously heard and determined. These arguments are discussed below.

First, the Creditors characterize the Debtor's emotional distress injury as "garden-variety anxiety," portraying it as largely if not solely occasioned by factors other than the stay violation, attributable more to the Debtor's non-debtor wife than to the Debtor, and, in any event, waived because not quantified in the Statement but left to the Court's discretion. Except for the newly raised waiver element, this argument blatantly ignores the Findings and Rulings, especially the Court's determination that the Debtor suffered actual emotional distress. The issue is not whether the Debtor suffered emotional distress but the monetary recovery appropriate in these circumstances. In effect, the Creditors' position is that the Debtor should recover nothing for emotional distress. The Court rejects that argument.

Second, the Creditors seek to limit the Debtor's recovery of attorneys' fees in this matter to the original flat fee agreement between the Debtor and his attorneys rather than the subsequent hourly rate agreement necessitated by case developments occurring after the original agreement,

---

[2]The evidentiary hearing was not limited to liability but included all issues, including damages.

which fully warrant a supplemental arrangement. In addition, they attack various time entries contained in the Statement. The Court finds that the Debtor is obligated to his attorneys in accordance with the supplemental hourly rate agreement. Moreover, the Court finds that the services and expenses sought to be recovered are fair and reasonable and that the recitation thereof in the Statement is properly reflective of the time expended and costs incurred and consistent with applicable national and local rules. Lastly, the Court notes that an award of attorneys' fees in a stay violation proceeding is virtually mandated by the statute: "An individual injured by any willful violation of [the automatic] stay... *shall* recover actual damages, including costs and attorneys' fees[.]" 11 U.S.C. § 362(h) (emphasis added).[3]

<u>Third</u>, the Creditors contend that punitive damages are inappropriate in the circumstances of this matter, although they acknowledge that any such award, if made, should be limited to an amount sufficient to serve the purpose of deterrence. As noted in the Findings and Rulings, the Creditors not only acted in violation of the stay but refused to stand down for the two weeks between that violation and the Court's order directing the dissolution of the objectionable attachment. Their stance was intransigent and their violation protracted, precisely the circumstances requiring deterrence. Moreover, although they did not know for certain that their action would be deemed a violation of the automatic stay, they did know (as evidenced by their need to consult *three* attorneys on the subject) that it occupied a gray area in which an adverse ruling could not be ruled out. They did not act with a good faith belief in the lawfulness of their

---

[3] This case, having been commenced before the 10/17/05 effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), is governed by the Bankruptcy Code as it existed prior to its amendment by that act. Prior to the BAPCPA amendments, the operative provision was codified at 11 U.S.C. § 362(h), and references in this memorandum are to the pre-BAPCPA codification. The new law relocated the language of subsection (h) to subsection (k)(1) and made it subject to a limitation set forth in subsection (k)(2). See 11 U.S.C. § 362(k).

conduct but in defiance of known infirmities in their position.

### Conclusion

The Debtor suffered emotional distress attributable to the stay violation. The supplemental fee agreement between the Debtor and his attorneys is valid and binding, and encompasses the attorneys' fees awarded hereunder. The Creditors forced the Debtor to obtain from the Court a protection Congress intended as automatic, at a monetary and emotional cost to the Debtor and in a manner requiring deterrence.

Accordingly, the Court orders that the Debtor shall recover from the Creditors the sum of $15,395.69 consisting of the following: $8,398.50 in actual costs and attorneys' fees; $1,000 in damages for emotional distress; and $5,997.19 in punitive damages. The Creditors shall be jointly and severally liable for this amount; and they shall pay the entire award by August 31, 2006, failing which they shall be jointly and severally liable for a sanction of $100 per day for each day such award (or any portion thereof) remains unpaid. A separate order shall issue reflecting the foregoing.

Dated:   July _13_, 2006

_Robert Somma_
Robert Somma
United States Bankruptcy Judge

cc: Jon H. Kurland, Esq., Counsel for Debtor
    Michael B. Feinman, Counsel for Creditors